

**IT IS ORDERED as set forth below:**

**Date: November 8, 2019**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | \| | CASE NUMBER: |
| | \| | |
| **HAROLD WALKER and,** | \| | **19-57404-PMB** |
| **VERONICA DE'GAIL WALKER** | \| | |
| | \| | |
| Debtors. | \| | CHAPTER 7 |
| _____ | \| | |

### ORDER GRANTING UNITED STATES TRUSTEE'S
### MOTION TO DISMISS BASED ON THE PRESUMPTION OF ABUSE
### UNDER 11 U.S.C. § 707(b)(2) AND PROVIDING TIME TO CONVERT CASE

This matter comes before the Court on the *United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. § 707(b)(1) Based on a Presumption of Abuse Arising Under 11 U.S.C. § 707(b)(2)*(Docket No. 27) filed by Nancy J. Gargula, the United States Trustee for Region 21 (the "U.S. Trustee") on July 23, 2019 (the "Motion to Dismiss").  In response to the Motion to Dismiss, Harold Walker and Veronica De'Gail Walker (the "Debtors") filed an *Objection to United States Trstee's* [sic] *Motion to Dismiss* (Docket No. 40) on August 11, 2019 (the

"Objection"). Additionally, Kathleen Steil, the duly appointed Chapter 7 trustee in this case (the "Chapter 7 Trustee"), filed the *Chapter 7 Trustee's Status Report and Limited Objection to Motion to Dismiss Due to Ongoing Investigation* (Docket No. 41) on August 12, 2019 (the "Limited Objection").

The Motion to Dismiss, Objection, and Limited Objection were heard on October 7, 2019 at 1:30 p.m. (the "Hearing"). The Debtors and their counsel appeared at the Hearing, as did counsel for the U.S. Trustee and the Chapter 7 Trustee.

Harold Walker ("Mr. Walker") is sixty-nine (69) years old, works as Transportation Director for Clayton County Public Schools, and has a gross annual income of approximately $120,000 per year. *See* Docket No. 1, Schedule I, Line 2. Veronica De'Gail Walker ("Mrs. Walker") works as a teacher in a Clayton County public school and has a gross annual income of approximately $44,000. *Id*. The Debtors' combined monthly income, after payroll deductions, is $9,621.62 per month; $7,078.32 attributed to Mr. Walker and $2,543.30 attributed to Mrs. Walker. Docket No. 1, Schedule I, Line 12. Mr. Walker testified at the Hearing that he plans to voluntarily retire at the end of 2019, when he turns seventy (70) years old, or sometime in early 2020,[1] resulting in an asserted sixty percent (60%) decrease in his gross income. Docket No. 1, Schedule I, Line 13.[2]

The U.S. Trustee seeks the dismissal of the Debtors' case pursuant to the means test set forth in 11 U.S.C. § 707(b)(2) (the "Means Test"). The U.S. Trustee argues that the Debtors'

---

[1] Mr. Walker testified that he intends to retire sometime in the near future, but he was not entirely clear as to precisely when he intends to do so. *See infra*.

[2] Mr. Walker's Hearing testimony suggested an even larger potential income reduction, as he said he had elected a $3,200 to $3,500 per month retirement benefit that would continue after his death (a spousal benefit) rather than the $4,500 maximum individual benefit he might have elected.

2

monthly disposable income of $2,508.45 exceeds the $227.50 Means Test statutory threshold for dismissal, and thus moves for the dismissal of the Debtors' Chapter 7 case.

The Debtors do not contest that their income exceeds the threshold amount for dismissal established by the Means Test.  Rather, the Debtors assert that "special circumstances" exist that would rebut the presumption of abuse pursuant to 11 U.S.C. § 707(b)(2)(B)(i).  Specifically, the Debtors argue that Mr. Walker's age, health issues and proximity to his intended retirement are sufficient to qualify as special circumstances and rebut the presumption of abuse.

In her Limited Objection, the Chapter 7 Trustee opposes dismissal because she wants to continue her investigation into possible assets.  The Chapter 7 Trustee seeks time to investigate the potential recovery of funds arising from a personal injury claim.  As support for her Limited Objection, the Chapter 7 Trustee highlights that the Means Test uses the operative word "may" when granting this Court the authority to dismiss or convert an abusive Chapter 7 case.  At the Hearing, the Chapter 7 Trustee further asserted that certain real property, not the primary residence of the Debtors, may have significant equity and thus may be sold for the benefit of the bankruptcy estate.  The Chapter 7 Trustee expressed concern that dismissal of the Debtors' case may lead to a "free for all of creditors" for the Debtors' remaining assets.

In support of the Debtors' argument concerning special circumstances, Mr. Walker's testimony at the Hearing related primarily to his health, work, and plans for the future.  Specifically, Mr. Walker testified that he was diagnosed in 2005 with an enlarged prostate and was later treated for prostate cancer.  More recently, he was diagnosed with Chronic Obstructive Pulmonary Disorder ("COPD").  Mr. Walker testified that his COPD has caused work to become more difficult.  In view of this increased difficulty, Mr. Walker testified that he intends to retire at some point in the near future, likely in the next year.

3

On cross-examination by the U.S. Trustee, Mr. Walker stated that his COPD did not render his work impossible. Mr. Walker further stated that he had not received any complaints with respect to his work, nor had his health prevented him from successfully completing his professional duties. He did say that he wanted to retire before his health began to affect his work and mar his professional reputation. Mr. Walker indicated that he had informed his immediate supervisor of his general intent to retire, but that he had not yet given formal notice of intent to retire to Clayton County Public Schools. Mr. Walker's testimony did not suggest that his medical expenses were inordinate or unmanageable.[3]

The Means Test dictates that "the court shall presume abuse exists" if a debtor's adjusted current monthly income multiplied by sixty (60) is not either (1) less than the greater of twenty-five percent of the debtor's non-priority unsecured claims or $7,700.00, or (2) less than $12,850. 11 U.S.C. § 707(b)(2)(A). Where such a presumption of abuse is triggered, a debtor may only rebut the presumption upon making a showing of special circumstances, "such as a serious medical condition or a call or order to active duty in the Armed Forces," to the extent that those circumstances justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative. 11 U.S.C. § 707(b)(2)(B)(i).

For a debtor to successfully establish these special circumstances, the debtor must provide an itemized accounting of each additional expense or adjustment to income and provide (1) documentation of said expenses and/or adjustments to income, and (2) a detailed explanation of the special circumstances that make the added expenses and/or adjustments to income necessary and reasonable. 11 U.S.C. § 707(b)(2)(B)(ii)(I)–(II). Generally, a special circumstance satisfying these requirements will arise out of extraordinary or exceptional circumstances, or situations

---

[3] Mrs. Walker also testified and endorsed all of Mr. Walker's testimony as true and accurate.

4

otherwise beyond the debtor's control. In re Brown, 500 B.R. 255, 262 (Bankr. S.D. Ga. 2013). Consequently, old age or the desire to voluntarily retire will not normally suffice to establish special circumstances. In re Anderson, 444 B.R. 505, 508 (Bankr. W.D.N.Y. 2011)(holding that age and the "mere desire for retirement" is not a special circumstance); In re Mittelstaedt, No. 13-50225, 2014 WL 814038, at *3 (Bankr. D.S.D. Feb. 28, 2014)(deciding that a voluntary choice to retire could not be a special circumstance); In re Hernandez, No. 08-31588, 2008 WL 5441279, at *5 (Bankr. N.D. Ohio Dec. 1, 2008)(holding that a voluntary lifestyle change cannot qualify as a special circumstance).

At the Hearing, no facts were presented that establish the necessary extraordinary or exceptional circumstances. The Debtors argued that Mr. Walker's desire to retire, possibly hastened by some health concerns, is sufficient to rebut the presumption of abuse arising from the Means Test. Although there was a suggestion that Mr. Walker's medical conditions might someday prevent him from continuing in his job, he testified that, at present, they did not have that effect. Further, the Debtors did not introduce into evidence any documentation to support any adjustment to income that would result from retirement, as expressly required by the statute.[4] Instead, they offered only Mr. Walker's testimony regarding the amount of his retirement income under the retirement program elections he had made.[5] Finally, because Mr. Walker has not taken any concrete steps to actually retire, and because the Debtors' Schedules suggest that he may in fact not be financially able to retire,[6] Mr. Walker's present "plan" to retire cannot in this case

---

[4] This alone may be sufficient to find a lack of special circumstances. In re Behne, 575 B.R. 893, 901 (Bankr. D. Neb. 2017).

[5] *See supra* note 2.

[6] Based on the Debtors' Schedules I & J, and presuming the sixty percent (60%) income decrease asserted in Schedule I would actually result from Mr. Walker's retirement (roughly $6,000 a month before taxes; $4,000 a month after taxes), it does not appear that the Debtors can afford to have Mr. Walker retire, since their current income only exceeds their expenses by about $500. Even if they eliminate some elective monthly expenses like their charitable

5

constitute special circumstances that might overcome the presumption of abuse indisputably arising from the Means Test.

In the absence of any special circumstances, this Court is statutorily directed to presume abuse. In view of the evidence presented at the Hearing and in the record of this case, the Debtors are not able to rebut the presumption of abuse.[7]

In light of the foregoing it is hereby

ORDERED that the Debtors shall have twenty-one (21) days from the entry of this Order to convert this case to Chapter 13 or Chapter 11, as appropriate, and thereby prevent the dismissal of same; and it is further[8]

ORDERED that if the Debtors do not convert this case within twenty-one (21) days of the entry of this Order, this case shall be DISMISSED.

The Clerk is directed to serve a copy of this Order and Notice upon the Debtors, counsel for Debtors, the Chapter 7 Trustee, and the United States Trustee.

**[END OF DOCUMENT]**

---

contributions, ($916.67), family support ($1,000) and a mortgage payment and upkeep on a second home that they do not occupy ($970.90), their expenses would still substantially exceed their remaining income. And the reduction in Mr. Walker's income in retirement may be even more than sixty percent (60%), based on his Hearing testimony. *See supra* note 2.

[7] There is authority to suggest that the potential existence of assets (the Debtors' personal injury lawsuit or equity in real property) may not serve to rebut the presumption, nor can it circumvent the Means Test to preserve the Debtors' right to proceed in a Chapter 7 case. In re Anderson, 444 B.R. 505, 508 (Bankr. W.D.N.Y. 2011). However, even if the Court had authority in some circumstances to maintain such a case, it would at minimum need some evidence (which it does not have here) that the value of the potential assets exceeds that amount that the Debtors could pay in a Chapter 13 or Chapter 11 case. *Id.* at 508–09.

[8] The U.S. Trustee also filed *United States Trustee's Motion to Dismiss Based on Abuse Arising Under 11 U.S.C. § 707(b)(3)* (Docket No. 42)(the "Second Motion to Dismiss") filed on August 12, 2019. The Second Motion to Dismiss is **DENIED AS MOOT** if this case is not timely converted to Chapter 13 or Chapter 11 and is dismissed. If, however, this case is timely converted, the Second Motion to Dismiss will remain pending until such time that the Debtors' case is closed, dismissed, or subsequently re-converted to Chapter 7.